MEMORANDUM *
Navtej Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals’ (BIA) decision affirming an immigration judge’s (IJ) denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition and remand for further proceedings.
The IJ and BIA found that Singh testified credibly but relied on Dinu v. Ashcroft, 372 F.3d 1041 (9th Cir.2004) to find that Singh had not demonstrated that the persecution he suffered was on account of an imputed political opinion or his membership in a particular social group. The factual findings underlying the agency’s denial of relief are reviewed under the substantial evidence standard. Kumar v. Gonzales, 444 F.3d 1043, 1049 (9th Cir.2006). We review de novo “purely legal questions” and “mixed questions of law and fact requiring us to exercise judgment about legal principles.” United States v. Ramos, 623 F.3d 672, 679 (9th Cir.2010).
We find Singh’s case distinguishable from Dinu. Unlike the petitioner in Dinu, Singh was not suspected of any crime. Yet he was tortured for ten days and given no reason for his arrest except that he was Gill’s relative. Even if the Indian authorities might have had other motives for targeting Singh, their actions may amount to persecution if they were motivated, at least in part, by a protected ground. Hoque v. Ashcroft, 367 F.3d 1190, 1198 (9th Cir.2004). In contrast to Dinu, where the petitioner presented “no direct evidence” that he was persecuted on account of a protected ground, Dinu, 372 F.3d at 1044, here the IJ failed to consider whether Singh had presented evidence that he may have been persecuted, at least in part, because of his familial ties to Gill. See Borja v. INS, 175 F.3d 732, 735-36 (9th Cir.1999) (en banc), superseded by statute, Real ID Act of 2005, Pub.L. No. 109-13, div. B, 119 Stat. 231, as recognized in Parussimova v. Mukasey, 555 F.3d 734, 739-40 (9th Cir.2009); see also Mihalev v. Ashcroft, 388 F.3d 722, 727 (9th Cir.2004) (citing Navas v. INS, 217 F.3d 646, 656 (9th Cir.2000)).
Finally, the IJ did not determine whether Gill’s family presents the kind of “kinship ties” that constitute a “particular social group.” Gonzales v. Thomas, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Without prior resolution by the BIA, the proper course “is to remand to the agency for additional investigation or explanation.” INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (internal quotation marks omitted). We remand to the BIA with instructions to consider whether Gill’s family constituted a particular social group within the statu *642 tory meaning and, if so, to remand to the IJ, to reconsider the denial of asylum and withholding of removal.
PETITION FOR REVIEW GRANTED. REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.